IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:08-CV-20-FL

| | | |
|---|---|---|
| BOBBIE J. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on parties' cross-motions for judgment on the pleadings (DE ## 9, 11). On January 16, 2009, United States Magistrate Judge Robert B. Jones, Jr., issued memorandum and recommendation ("M&R") wherein it was recommended that defendant's motion be granted and plaintiff's motion be denied. Plaintiff filed objections to the M&R on February 2, 2009, to which defendant did not respond. In this posture, the issues raised are ripe for ruling.

## BACKGROUND

Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on April 22, 2004, alleging a disability onset date of January 1, 2004. The applications were denied initially and upon reconsideration, and request for hearing was timely filed. On February 21, 2006, hearing was held before Administrative Law Judge ("ALJ") Michael J. Cummings, at which plaintiff was represented by a non-attorney. The ALJ issued decision denying plaintiff benefits on March 14, 2006, based on the finding that plaintiff was capable of performing past relevant work as a cashier. Plaintiff requested review of the ALJ's decision by the Appeals

Council, submitting additional evidence as part of that request. The Appeals Council denied plaintiff's request for review on March 27, 2008, after considering the additional evidence and incorporating it into the record. Plaintiff timely commenced this action for judicial review on May 23, 2008, pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### A. Standard of Review

The court may "designate a magistrate judge to conduct hearings... and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

This court is authorized to review the denial of benefits by the Commissioner of Social Security ("Commissioner") under 42 U.S.C. § 405(g). It must uphold the findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. Id.; Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

2

In its inquiry, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court disagrees with the commissioner's decision, the court must uphold it if it is supported by substantial evidence and was reached through application of the correct legal standard. Id. With these principles in mind, and having benefit of the M&R, the court turns to the arguments at hand.

**B.     Plaintiff's Objections to the M&R**

   **1.     New Evidence Submitted to the Appeals Council**

Plaintiff contends that the magistrate judge erred by discounting the evidence first submitted by plaintiff to the Appeals Council, which was thus not before the ALJ at the time of his decision. Specifically, this evidence consists of (1) a psychological interview conducted by Jennifer W. Williams on December 14, 2006, (2) a statement by social worker June Woolard made on March 18, 2008, and (3) progress notes from Dr. Ann Nunez made between July 11, 2006 and January 18, 2007. While the Appeals Council reviewed this evidence and discounted it, the court must also consider this evidence in making its determination as to whether substantial evidence supports the ALJ's finding. Wilkins v. Sec'y Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). However, evidence submitted after the hearing before the ALJ need only be considered if it is new (i.e. not duplicative of evidence already in the record), material (i.e. there is a reasonable possibility that it would change the outcome), and relates to the period on or before the date of the ALJ's hearing

3

decision. Eason v. Astrue, 2008 WL 4108084, *3 (E.D.N.C. Aug 29, 2008).

The magistrate judge found that plaintiff failed to show that the three pieces of evidence first submitted to the Appeals Council met this final prong of relating to the claimant's condition at the time of hearing. See Rhodes v. Barnhart, 2005 U.S. Dist. LEXIS 42876, at *33-34 (W.D.N.C. Mar. 30, 2005), aff'd, 176 Fed. Appx. 419 (4th Cir. Apr. 20, 2006) (stating new evidence must relate to the time period for which benefits were denied and may not merely be evidence of a later-acquired disability or of subsequent deterioration of a previously non-disabling condition). The relevant time period in this case is from January 1, 2004, the date plaintiff alleges onset of disability, to March 14, 2006, the date of the ALJ's decision. Plaintiff objects to the magistrate judge's finding with respect to each of these three pieces of evidence.

The magistrate judge discounted the results of the psychological interview conducted by Williams in December of 2006 on the grounds that they did not relate to evidence in existence during the relevant time period, particularly because they appeared to be based solely on subjective complaints made by plaintiff nine months after the ALJ's decision. Plaintiff objects to this finding by citing Social Security Ruling 96-4p for the proposition that subjective complaints may be a proper basis for an opinion on psychiatric matters. In so objecting, plaintiff misses the crux of the magistrate judge's rationale. The magistrate judge did not opine that there were inherent reliability problems in psychological opinions that are based on subjective complaints, but rather, that where the only bases for Williams's psychological opinion are subjective complaints made well after the ALJ's decision, plaintiff has failed to show that the opinion is rooted in evidence in existence during the relevant time period. As plaintiff's objection does not go to the rationale for the magistrate judge's recommendation, it is without merit.

4

The magistrate judge also found the statement made by Woolard on March 18, 2008, does not relate to the relevant time period, as Woolard did not begin treating plaintiff until three months after the ALJ's decision, and the only specific pieces of evidence cited by Woolard that were in existence during the relevant time period do not corroborate her findings. Plaintiff objects on the grounds that Woolard's opinion expressly states that she believes plaintiff "has not been capable of functioning in any work environment on a daily basis (or part-time for that matter) since January 2004." (R. 488.) Plaintiff's assertion does not undermine the basis for the magistrate judge's recommendation: as Woolard did not begin treating plaintiff until after the ALJ's decision, only the external sources she relied upon could constitute evidence in existence during the relevant time period. Further, the only two pieces of evidence relied on by Woolard that pertain to the period prior to the ALJ's decision fail to corroborate her opinion that plaintiff is unable to perform any work. Accordingly, for the reasons stated in the M&R, the court finds that the declaration of Woolard does not relate to the relevant time period.

As with the other two pieces of evidence first submitted to the Appeals Council, the magistrate judge found the progress notes by Dr. Nunez do not relate to the relevant time period. The first note by Dr. Nunez that plaintiff submits was made on July 11, 2006, based on plaintiff's visit to Dr. Nunez on June 29, 2006. In her objections, plaintiff contends, "It is not unreasonable to infer, in light of the entire medical record, is [sic] that Ms. White's depression was in existence at roughly the same level of severity three months prior to Dr. Nunez's treatment notes of June 2006." (Pl's Obj. pp. 3-4.) When submitting evidence after the ALJ's decision, the plaintiff bears the burden of production and proof in showing that it is applicable to the alleged disability period. Eason, 2008 WL at *4. Plaintiff's unsupported assertion that one could reasonably infer that

5

plaintiff's mental state was the exact same in her visits with Dr. Nunez in 2006 and 2007 as it was when she appeared before the ALJ is insufficient to meet those burdens.

For these reasons, plaintiff's objections regarding the evidence submitted after the ALJ's decision are overruled.

## 2. Severity of Mental Impairment

Plaintiff objects on the grounds that the magistrate judge erred by finding the ALJ properly determined that plaintiff's depression was not severe. In order for this court to determine whether the ALJ based his decision on substantial evidence, the ALJ must include "a statement of the reasons for that decision." Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986). "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rationale." Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984). Plaintiff contends the ALJ failed to consider several pieces of evidence that weigh in favor of plaintiff's claims of a severe mental impairment.

Plaintiff argues that the ALJ failed to address plaintiff's own complaints, including lack of energy, feelings of worthlessness, and memory and concentration difficulties. As the magistrate judge noted, plaintiff's contention does not find support in the record; the ALJ stated in his decision, "[Plaintiff] also endorses symptoms of depression, including low energy, poor memory and concentration, and feelings of worthlessness . . . ." (R. 25.)

Plaintiff also argues that even though the ALJ referred to the medical records of Dr. Scott Avery, the ALJ erred by not explicitly mentioning Dr. Avery's 2004 note that he thought a

6

psychiatrist would be helpful for depression, and so he would refer plaintiff to one to "optimize her depression treatment." (R. 437.) Plaintiff contends that this constitutes "obviously probative" evidence, and thus the ALJ had to refer to it specifically, rather than simply referring to the exhibit that contained that statement. Plaintiff's argument would be more convincing if not for the subsequent note written by Dr. Avery in 2005 indicating that plaintiff was taking medicine for, and denied suffering from, depression. (R. 445.) As mentioned by both the magistrate judge and the ALJ, "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling." Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986); (see M&R p. 12; R. 24.) Plaintiff objects on grounds that the magistrate judge's reference to that subsequent note goes against the well-established principle that the court may only uphold agency action on the grounds invoked by the agency. Sec. and Exch. Comm'n v. Chenery Corp., 318 U.S. 80, 95 (1943). That principle is not violated here, where the magistrate judge was merely using the 2005 note to address and reject plaintiff's argument that the 2004 note was "obviously probative" evidence that the ALJ had to address individually. Indeed, the magistrate judge recommended upholding the ALJ's determination as to plaintiff's alleged depression on precisely those grounds cited by the ALJ. (M&R p. 10; R. 26.)

Finally, plaintiff argues that the ALJ erred by not mentioning a Social Security employee's observation that during her interview, the plaintiff "was in a daze like stare throughout the interview, [and] her sister had to help call her attention back to us." (R. 62.) This statement, about a physical characteristic of plaintiff that could be attributed to a multitude of possible causes other than depression, also fails to meet the standard of "obviously probative" evidence. To require an ALJ to refer to every physical observation recorded regarding a Social Security claimant in evaluating that claimant's depression, pain, or other alleged condition would create an impracticable standard for

7

agency review, and one out of keeping with the law of this circuit.

### 3. Weight Attributed to the Opinion of a Treating Physician

Plaintiff contends that the magistrate judge erred by finding that substantial evidence supported the ALJ's decision not to accord controlling weight to the opinion of Dr. Avery that plaintiff was unable to work due to lower abdominal pain and lower extremity weakness. As a preliminary matter, the court notes that Dr. Avery's opinion as to plaintiff's ability to work goes to an issue reserved to the Commissioner, as it is an administrative finding that is dispositive of the case. 20 C.F.R. § 404.1527(e). Under the regulations, the Commissioner is not to give such medical source opinions "any special significance." 20 C.F.R. § 404.1527(e)(3); see also Morgan v. Barnhart, 142 Fed. Appx. 716, 722 (4th Cir. 2005) (holding that the ALJ did not err in determining that a treating physician's opinions that a plaintiff was "disabled" and "can't work" were legal conclusions, and thus deserving of no special weight). Furthermore, while plaintiff contends that the magistrate judge cited evidence that the ALJ failed to cite in according such weight to Dr. Avery's opinion, the record does not support plaintiff's assertion. (M&R 14-15; R. 26.) For these reasons, plaintiff's objection regarding the ALJ's weighing of Dr. Avery's opinion is without merit.

### 4. Credibility Determination

Plaintiff argues that the ALJ failed to adequately evaluate the credibility of claimant's testimony because he did not mention the limitations plaintiff described in her assessment of her ability to perform daily activities. Plaintiff cites Hines v. Barnhart for the proposition that an ALJ's determination as to a claimant's credibility is not supported by substantial evidence when the ALJ cites evidence concerning tasks the plaintiff is capable of performing but ignores the claimant's "qualification of his activity levels." 453 F.3d 559, 566 (4th Cir. 2006).

8

The opinion in Hines pertains to a strikingly different situation than the one before the court here. There, the claimant suffered from Sickle Cell Disease, a condition where "pain is often the only or main symptom of an acute episode of illness." Id. at 561. The ALJ discredited the testimony of the claimant, his wife, and his friend regarding claimant's pain solely on the grounds that it was inconsistent with the claimant's testimony about his daily activities. Id. at 565. The court found this to be error because a review of all the testimony regarding pain and all the testimony regarding claimant's daily activities "reveal[ed] no inconsistency between the two." Id. In particular, the court noted that the ALJ selectively cited evidence about claimant mowing the yard and doing house repairs, while ignoring claimant's "qualification of his activity levels." More specifically, claimant's full testimony was that he tried mowing the grass until he started to feel bad and had to stop, and that "probably" he would "try to fix a doorknob" as a household activity. Id. at 566.

The matter before the court is easily distinguished from Hines. Most notably, as the magistrate judge identified, the ALJ relied on several sources of objective and subjective evidence to discredit claimant's testimony regarding her pain. This evidence included the objective medical findings of Dr. Scot Reeg, Dr. E.C. Land, and Dr. Lyn Johnson; plaintiff's refusal of Dr. Johnson's offer to refer her to a spinal surgeon for evaluation, and plaintiff's report to Dr. Avery that her pain was better with medication. (R. 25-26.) Also significant is the nature of the qualifications of the claimant's reported daily activity. Whereas in Hines, the ALJ did not mention that the claimant would only "try to" perform the activities cited, here the qualifications the ALJ did not mention fall along the lines of plaintiff having to sit on a stool while washing dishes and needing to sit down between rooms while vacuuming. A finding that the ALJ's credibility determination was not based on substantial evidence in this matter would require an unreasonable expansion of the scope of

9

Hines; therefore, plaintiff's objection based on Hines is overruled.

### 5. Assessment of Residual Functioning Capacity

For the most part, plaintiff's objections to the magistrate judge's determination that the ALJ properly assessed plaintiff's residual functioning capacity ("RFC") rely on other objections that the court has already considered and overruled in this order. The only objection as to the ALJ's RFC determination that warrants separate discussion here is plaintiff's argument concerning the magistrate judge's reliance on Baldwin v. Barnhart for the proposition that "sufficient consideration of the combined effects of a [claimant's] impairments is shown when each is separately discussed in the ALJ's decision." 444 F. Supp. 2d 457, 465 (E.D.N.C. 2005).

While plaintiff does not contend that the magistrate judge misapplied Baldwin, plaintiff attacks the Baldwin court's reliance on language from a Western District of Missouri case that plaintiff contends predates and is inconsistent with Social Security Ruling 96-8p. The court does not find any inconsistency between the two cases and the ruling. Social Security Ruling 96-8p requires the Commissioner to consider both severe and non-severe impairments because non-severe impairments may rise to the level of disability when combined with other impairments. The holdings in Baldwin and Smith do not contradict that ruling; rather, they state that an ALJ need not expressly address every possible combination of impairments of a claimant, but instead may show sufficient consideration of the combined effects of the impairments by discussing each one, severe and non-severe, separately. As the court finds no inconsistency, it rejects plaintiff's invitation to overturn Baldwin.

10

## CONCLUSION

Where the court has conducted a *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, otherwise adopting as its own the uncontested proposed findings and conclusions upon a considered review, for the reasons more particularly stated herein, the M&R is ADOPTED. Plaintiff's motion for judgment on the pleadings (DE # 9) is DENIED and defendant's motion for judgment on the pleadings (DE # 11) is GRANTED.

SO ORDERED, this the 15th day of July, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

11